In the Matter of the Claim of HERMAN LIEBERMAN, Respondent. S. L. HOFFMAN & Co., Appellant; ISADOR LUBIN, Industrial Commissioner, Respondent.— Appeal by the employer from a decision of the Unemployment Insurance Appeal Board. Claimant has had some 20 years experience as a garment cutter, substantial parts of this having been gained in Europe. The employer-appellant is engaged in manufacturing women's uniforms. Prior to July 7, 1956 the claimant worked for this employer cutting maids' and nurses' uniforms at $75 a week, and at that time he left that job because he felt the wage was insufficient. He subsequently obtained with underwear and children's dress manufacturers jobs paying from $90 to $100 a week and on December 7,

1956 while earning $100 a week he was laid off due to lack of work. On December 17 he filed a claim for unemployment insurance benefits. On learning of the filing of the claim the employer-appellant sent a letter to claimant offering him a job as a uniform cutter at $75 a week, the same amount which claimant had been receiving when he left the job some time before. This was refused; the Industrial Commissioner thereupon disqualified the claimant who requested a hearing which was held before a referee. After a hearing at which the claimant's union offered proof of prevailing wages for cutters in the industry, the referee found as a fact that "The prevailing wage for cutters in the ladies' uniform industry is at least $85 a week" and that the offer of $75 a week was "substantially less than that prevailing in the locality for the occupation involved". The findings were sustained by the appeal board, and on our review of the record they seem to be supported by substantial evidence. The only proof on the question of prevailing wages in the area is that submitted by the union; the commissioner submitted proof the minimum range permitted by union contract which may, of course, not be a prevailing rate and the employer did not submit proof on the prevailing wage aside from his own practices and opinion. The employer argues here, among other things, that the $75 a week offer included benefits as to continuity of employment and vacations, which were not given due weight by the board; and that insufficient consideration was given to the fact that the wage for cutting nurses' uniforms was lower because the nurses' uniforms which the employer made are cheaper than some other kinds of uniforms; and that the differential between the prevailing rate as found, $85 a week, and the offer of $75 does not justify the finding that the latter was "substantially less". All of this seems to us to fall into an area permitting a reasonable range of fact-finding. The discussion which claimant had with the employer after the offer of $75 a week was made, as claimant described it, did not deal with benefits which would make the profferred $75 more acceptable. When claimant told the employer he could not make a living from that wage, he testified he was told he could not get more. Moreover, the cheapness of one product in an industry as compared with another does not necessarily require the reduction of a prevailing wage in which special skills falling within the prevailing rate are involved. On the whole record we are of opinion that substantial evidence sustains the findings. Decision affirmed, with costs to claimant-respondent. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.